AMANDA LYN GENOVESE
212.704.6227 telephone
212.704.6288 facsimile
amanda.genovese@troutmansanders.com

TROUTMAN SANDERS LLP
Attorneys at Law
875 Third Avenue
New York, New York 10022
212.704.6000 telephone
troutmansanders.com



September 28, 2017

**VIA ECF**
Honorable Esther Salas
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

Re:   *Montvale Surgical Center LLC v. Horizon Blue Cross Blue Shield of New Jersey*
      **No. 2:16-cv-07563-ES-JAD**
      **Notice of Recent Authority**

Dear Judge Salas:

This firm represents defendant Anthem Health Plans, Inc. d/b/a Anthem Blue Cross Blue Shield ("Anthem") in the above-referenced action. After Anthem's motion to dismiss (the "Motion") [Dkt. Nos. 32, 34] was fully submitted, two on-point decisions have been issued by courts in this District. The orders are attached hereto and summarized below for the Court's reference and use in deciding Anthem's Motion.

First, Judge Cecchi issued an order in *Kayal Orthopeadic Center, P.C. v. Empire Blue Cross Blue Shield*, No. 16-cv-09059 (CCC) (SCM), 2017 U.S. Dist. LEXIS 153763 (D.N.J. Sep. 21, 2017) (Exhibit A) granting the defendant's motion to dismiss in a case that involved nearly identical claims and arguments as this case. Like the present case, *Kayal* was filed by the Callagy firm on behalf of an out-of-network provider suing for reimbursement under an ERISA-governed health benefits plan. *Id*. at *1-3. Judge Cecchi dismissed the case due to plaintiff's lack of standing, holding that "the overwhelming weight of authority in this jurisdiction would favor honoring the anti-assignment provision and dismissing Plaintiff's claims for lack of standing" and finding that plaintiff "failed to provide sufficient facts to suggest that the anti-assignment provision in [the] health benefits plan is unenforceable." *Id*. at *7-9. Judge Cecchi further held that plaintiff's waiver argument (identical to that pleaded by Plaintiff in this case) failed because:

> [o]utside of Defendant's direct payment to Plaintiff, the only conduct which Plaintiff asserts demonstrates a course of conduct sufficient to constitute waiver was Defendant's written response to Plaintiff's appeal efforts…. The Court finds that an assertion of waiver based on an isolated communication is distinct from the level of ongoing engagement at issue in *DeMaria* [v. *Horizon Healthcare Services, Inc.*, No. 11-7298, 2015 WL 3460997, at *8 (D.N.J. Jun. 1, 2015)] and *Gregory Surgical Services*[, *LLC v. Horizon Blue Cross Blue Shield of New Jersey*, No. 06-0462, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007)]. Accordingly, the Court holds that Plaintiff has failed to set forth sufficient facts to

September 28, 2017
Page 2

> support a deviation from applicable federal law which honors valid anti-assignment provisions in health benefit plans.

*Id*. at \*12-13.

Second, Chief Judge Linares issued an order in *Emami v. Quinteles*, No. 17-cv-3069 (JLL), 2017 U.S. Dist. LEXIS 154774 (D.N.J. Sep. 21, 2017) (Exhibit B) similarly granting the defendant's motion to dismiss **with prejudice** due to out-of-network plaintiff's lack of standing resulting from a valid and enforceable anti-assignment provision and anti-waiver provision in the applicable ERISA-governed health benefits plan. Like Judge Cecchi, Chief Judge Linares held that "[i]t is now well-settled law in the District of New Jersey that the type of Anti-Assignment Clause used by the Plan in this case is valid and enforceable…. Furthermore, it is now well-settled law in the District of New Jersey that the Plan did not waive the Anti-Assignment Clause by dealing directly with the Medical Provider in the claim review process, or by directly remitting payment to the Medical Provider." *Id*. at \*6-7 (collecting cases).

Here, Plaintiff's standing to prosecute this action is premised on its assertion that it is an alleged assignee of the rights and benefits of Lisa R.'s health benefits plan. However, as discussed in Anthem's Motion, and the *Kayal* and *Emami* decisions, the health benefits plan at issue contains a valid and unambiguous anti-assignment provision, which prohibits such an assignment. In addition, Plaintiff argues that Anthem waived its right to enforce the anti-assignment by making direct payments to it. However, as discussed in Anthem's Motion and the *Kayal* and *Emami* decisions, the health benefits plan at issue contains a waiver provision, which precludes this type of boilerplate waiver argument.

The reasoning in the *Kayal* and *Emami* decisions should be dispositive of Plaintiff's Complaint on both issues of assignment and waiver.

We thank Your Honor for your attention to this important matter.

Respectfully submitted,

*/s/ Amanda L. Genovese*

Amanda L. Genovese

cc:     All Counsel of Record (via ECF)

# EXHIBIT A



**KAYAL ORTHOPAEDIC CENTER, P.C., on assignment of Toni B., Plaintiff, v. EMPIRE BLUE CROSS BLUE SHIELD, Defendant.**

**Civil Action No.: 16-09059 (CCC) (SCM)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**2017 U.S. Dist. LEXIS 153763**

**September 21, 2017, Decided**
**September 21, 2017, Filed**

**NOTICE:** NOT FOR PUBLICATION

**COUNSEL:** [*1] For KAYAL ORTHOPEADIC CENTER, P.C., on assignment of TONI B., Plaintiff: MICHAEL GOTTLIEB, LEAD ATTORNEY, CALLAGY LAW PC, PARAMUS, NJ.

For EMPIRE BLUE CROSS BLUE SHIELD, Defendant: AMANDA LYN GENOVESE, LEAD ATTORNEY, TROUTMAN SANDERS LLP, NEW YORK, NY.

**JUDGES:** CLAIRE C. CECCHI, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Claire C. Cecchi

**OPINION**

**CECCHI, District Judge**.

**I. INTRODUCTION**

This matter comes before the Court on Empire Blue Cross Blue Shield's ("Defendant") Motion to Dismiss Plaintiff Kayal Orthopaedic Center, P.C.'s ("Plaintiff") Complaint pursuant to *Federal Rules of Civil Procedure 12(b)(1)* and *12(b)(6)*. (ECF No. 10.) Plaintiff opposes Defendant's motion. (ECF No. 15.) The Court has given careful consideration to the parties' submissions. Pursuant to *Fed. R. Civ. P. 78*, no oral argument was heard. For the reasons set forth below, Defendant's motion is granted.

**II. BACKGROUND**

Plaintiff is a healthcare provider in Bergen County, New Jersey. (ECF No. 1. ("Compl.") ¶ 1.) Defendant is engaged in the business of providing and administering health care plans and policies, including the health benefits plan of Plaintiff's patient, Toni. B. ("Patient"), that is at issue in this case (*Id.* ¶ 2 & 3.)

On September 8, 2015, October 20, 2015, and December 8, 2015, Plaintiff provided medical [*2] services to Patient. (*Id.* ¶ 4.) Attached as Exhibit B to the Complaint, is an unsigned and undated document titled "Assignment of Benefits Form,[1] " Plaintiff contends that it obtained an assignment of benefits from Patient to assert a claim for recovery under the *Employment Retirement Income Security Act of 1974, 29 USC § 1002, et seq.* ("ERISA"). (*Id.* ¶ 6.) Pursuant to the alleged assignment of benefits, Plaintiff made a formal demand on Defendant for $188,000.00 as payment for services rendered to Patient. (*Id.* ¶ 7.) Defendant paid Plaintiff $6,836.28 for these services. (*Id.* ¶ 8.) Plaintiff brings this suit under ERISA seeking[2] : (1) the $181,163.72 difference between the amount demanded and the amount paid; (2) relief stemming from Defendant's alleged breach of its fiduciary and co-fiduciary duties under *29 U.S.C. §§ 1132(a)(3)*, *1104(a)(1)*, and *1105(a)*; and (3) relief allegedly stemming from Defendant's failure to establish

or maintain reasonable claims procedures under *29 C.F.R. § 2560.503-1*. (*Id.* ¶¶ 13, 32, 47.)

> 1   In its Motion to Dismiss, Defendant argues such a form is inadequate proof of the existence of an assignment in the first place. (Mot. at 8-10.) Because this Court finds that Patient's health benefits plan contained a valid anti-assignment provision and that any assignment, regardless of the legitimateness of its execution, accordingly would have been improper, this Court need not reach this element of Defendant's motion in this Opinion.
>
> 2   The accompanying counts do not include Plaintiff's Count 1 for state law breach of contract claim (Compl. at 13-14), which Plaintiff voluntarily dismissed on February 21, 2017 (ECF No. 15. at 3.)

On October 14, 2016, Plaintiff filed its Complaint in the Superior Court of New Jersey, Law Division, Bergen County. (ECF No. 1.) On December 9, 2016, Defendant removed Plaintiff's Complaint to this Court. (ECF No. 1.) On January 13, 2017, Defendant filed [*3] its Motion to Dismiss. (ECF No. 10.) On February 21, 2017, Plaintiff filed an opposition to the motion and voluntarily dismissed its state law breach of contract claim. (ECF No. 15.) On March 6, 2017, Defendant filed its reply in further support of its Motion to Dismiss. (ECF No. 18).

In its Motion to Dismiss, Defendant argues that Patient's health plan contained a valid and enforceable anti-assignment provision, and that, as a result of that provision, the assignment obtained by Plaintiff was not valid and therefore Plaintiff lacks standing to pursue its ERISA claims. (Mot. at 6.)

### III. LEGAL STANDARDS

#### A. *Rule 12(b)(1)*

A motion to dismiss for lack of standing is properly brought pursuant to *Federal Rules of Civil Procedure 12(b)(1)*, because standing is a matter of jurisdiction. *Ballentine v. United States, 486 F.3d 806, 810, 48 V.I. 1059 (3d. Cir. 2007)* (citing *St. Thomas-St. John Hotel Tourism Ass'n v. Gov't of the U.S. Virgin Islands, 218 F.3d 232, 240 (3d. Cir. 2000))*.

*Article III of the Constitution* limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007)*. One key aspect of this case and controversy requirement is standing. *Id. at 439*. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa v. Aichele, 757 F.3d 347, 360 (3d Cir 2014)* (citing *Davis v. FEC, 554 U.S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008))*.

To establish standing, a plaintiff must establish: (1) an "injury in fact," i.e., an actual or imminently threatened injury that is "concrete and particularized" [*4] to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J., 730 F.3d 208, 218 (3d. Cir. 2013)* (citing *Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009))*. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. Although a plaintiff bears the burden of establishing the elements of standing, at the motion to dismiss stage, the Court "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine, 486 F.3d at 810*.

#### B. *Rule 12(b)(6)*

For a complaint to survive dismissal pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*. In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly, 550 U.S. at 555*. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal, 556 U.S. at 678* (internal citations omitted). [*5] However, "the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated... Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)* (citations omitted).

Where, as here, a plaintiff's claims are based on benefit plans that are referenced in a complaint, a court may consider the plan documents without converting a motion to dismiss into a motion for summary judgment. *See Briglia v. Horizon Healthcare Servs., Inc., No. 03-6033 (FLW), 2005 U.S. Dist. LEXIS 18708, 2005 WL 1140687, at *9 (D.N.J. May 13, 2005)*. Here, the Complaint relies on the terms of Patient's health benefits plan. (Compl. ¶ 6.) Accordingly, the Court relies on Plaintiffs plan in deciding the present motion.

**IV. DISCUSSION**

For the reasons set forth below, this Court finds that Plaintiff's Complaint fails to set forth sufficient facts showing the anti-assignment provision in Patient's [*6] health benefits plan is unenforceable and, consequently, finds that Plaintiff lacks standing to bring its ERISA claims against Defendant. Accordingly, the Court will dismiss the Complaint without prejudice.

**A. The Anti-Assignment Provision in Patient's Health Benefits Plan is Valid and Enforceable as against Plaintiff**

Pursuant to *29 U.S.C. § 1132(a)(2)*, only participants, beneficiaries and fiduciaries have standing to bring claims based on the denial of ERISA benefits. *See Franchise Tax Bd v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)*. Plaintiff does not contend that it is a participant in, beneficiary of, or fiduciary of Patient's health benefits plan. Rather, Plaintiff argues that it has standing as the alleged assignee of Patient's benefits related to the medical services rendered, (Compl. ¶ 6), despite the anti-assignment provision in Patient's health benefits plan. Plaintiff contends that such a provision is unenforceable, both in general and as applied to Plaintiff. (Oppos. at 4.) For the reasons discussed below, both of Plaintiff's arguments fall short.

This Court and others in the Third Circuit have routinely held that an unambiguous anti-assignment provision in a health benefits plan bars an alleged assignee's standing to bring claims under ERISA. *See Kaul v. Horizon Blue Cross Blue Shield, No. 15-8268, 2016 U.S. Dist. LEXIS 99322, 2016 WL 4071953, at *3 (D.N.J. July 29, 2016)*; *Prof'l Orthopedic Assocs., P.A v. Excellus Blue Cross Blue Shield, No. 14-6950, 2015 U.S. Dist. LEXIS 91815, 2015 WL 4387981, at *7 (D.N.J. July 15, 2015)*; *Neurological Surgery Assocs. P.A v. Aetna Life Ins. Co., No. 12-5600, 2014 U.S. Dist. LEXIS 75906, 2014 WL 2510555, at *9 (D.N.J. June 4, 2014)*; *Cohen v. Independence Blue Cross, 820 F. Supp. 2d 594, at 603-04 (D.N.J. 2011)*; *Briglia 2005 U.S. Dist. LEXIS 18708, 2005 WL at *9*. The anti-assignment [*7] provision in Patient's health benefits plan states, in relevant part:

> You cannot assign your right to receive payment to anyone else, except as required by a "Qualified Medical Child Support order" as defined by ERISA or any applicable state or Federal law.
>
> ...
>
> The coverage and any benefits under the Plan are not assignable by any Member without the written consent of the Plan, except as provided above.

[Mot. Exhibit A.] The anti-assignment provision is clear on its face and contains specific and express language stating that the health plan's benefits cannot be assigned. Thus, the overwhelming weight of authority in this jurisdiction would favor honoring the anti-assignment provision and dismissing Plaintiff's claims for lack of standing. *See, e.g., Prof'l Orthopedic Assocs. 2015 U.S. Dist. LEXIS 91815, 2015 WL *7* (holding that a similarly-situated plaintiff lacked standing to pursue ERISA claims for recovery for medical services rendered after determining that an anti-assignment provision was unambiguous and therefore enforceable); *Cohen, 820 F. Supp. 2d at 605*.

In an apparent attempt to overcome this line of cases, Plaintiff first draws a distinction between the assignment of "pre-loss" insurance policies and "post-loss" insurance claims and argues that this Court should disregard [*8]

the anti-assignment provision in Patient's health benefits plan because the alleged assignment at issue is that of a post-loss claim. (Oppos. at 4.) In other words, Patient allegedly assigned his benefits to Plaintiff after Patient's injury. (Oppos. at 5.) In so arguing, Plaintiff fails to cite any federal cases, relying instead on a recent New Jersey state court decision, *Givaudan Fragrances Corp v. Aetna Cas. & Sur. Co., 227 N.J. 322, 151 A.3d 576 (N.J. 2017)*. Plaintiff's reliance on *Givaudan*, is misplaced, however, as *Givaudan* concerns corporate successors-in-interest to a contaminated manufacturing site and has nothing to do with ERISA-governed health plans or health insurance generally. *See Id.* In the context of health insurance, New Jersey state courts have held that anti-assignment provisions contained in health benefits plans are valid and enforceable. *See, e.g., Somerset Orthopedic Assocs., P.A v. Horizon Blue Cross & Blue Shield of N.J., 345 N.J. Super. 410, 785 A.2d 457 (App. Div. 2001)*. Accordingly, Plaintiff has failed to provide sufficient facts that suggest the pre-loss/post-loss distinction is a meaningful, relevant, or appropriate means of invalidating an otherwise unambiguous anti-assignment provision in an ERISA-governed health plan.

Plaintiff next argues that Defendant's anti-assignment provision is inapplicable to Plaintiff because Plaintiff "is the provider of the very services which the insurance [*9] plan is maintained to furnish." (Oppos. at 6). In so arguing, Plaintiff relies primarily on the Fifth Circuit case *Herman Hosp. v. MEBA Med. & Benefits Plan, 959 F.2d 569 (5th Cir. 1992)*, which Plaintiff maintains invalidates anti-assignment provisions as applied to a patient's healthcare provider. *(Id.)* However, Plaintiff's reading *of Herman* goes too far. The Fifth Circuit has cautioned that *Herman* "... [does not stand]... for the proposition that all anti-assignment clauses are per se invalid vis-a-vis providers of health care services." *LeTourneau Lifelike Orthotics & Prosthetics, Inc v. Wal-Mart Stores, Inc., 298 F.3d 348, 352 (5th Cir. 2002)* (holding that a plan's anti-assignment provision was enforceable.) Moreover, courts in this jurisdiction have repeatedly upheld anti-assignment provisions in insurance plans. *See, e.g., Cohen v. Horizon Blue Cross Blue Shield of New Jersey, No. 154525, 2015 U.S. Dist. LEXIS 140344, 2015 WL 6082299, at *4 (D.N.J. Oct. 15, 2015)*; *Advanced Orthopedics & Sports v. Blue Cross Blue Shield of Mass., No. 14-7280, 2015 U.S. Dist. LEXIS 93855, 2015 WL 4430488, at *5*; *Cohen v. Indep. Blue Cross, 820 F. Supp. 2d 594, 606 (D.N.J. 2011)*. Accordingly, this Court finds that Plaintiff has failed to provide sufficient facts to suggest that the anti-assignment provision in Patient's health benefits plan is unenforceable.

## B. Defendant Did Not Waive Its Rights to Enforce the Anti-Assignment Provision

In the alternative, Plaintiff argues that Defendant waived the right to enforce the anti-assignment provision both because Defendant reimbursed Plaintiff directly for Patient's medical expenses in the amount of $6,836.28 and because Plaintiff engaged directly with Plaintiff over the [*10] processing of Plaintiffs bill. (Oppos. at 7-8.)

In general, a direct payment to a healthcare provider does not constitute a waiver of an anti-assignment provision where the plan at issue authorizes such payment *See Kaul 2016 U.S. Dist. LEXIS 99322, 2016 WL at *3* (finding Defendant did not waive enforcement of the anti-assignment provision of its health benefits plan by reimbursing Plaintiff directly for the insured's medical expenses in the amount of $352.32); *Advanced Orthopedics, 2015 U.S. Dist. LEXIS 93855, 2015 WL at *7* (holding, in a suit for recovery under ERISA, that neither Defendant's direct payment to Plaintiff nor a "course of inaction" allegedly established by Defendant not immediately raising the anti-assignment provision in response to Plaintiff's demand for reimbursement could constitute waiver under New Jersey state or federal law). Here, as Plaintiff does not contend that Defendant's direct payment to it was unauthorized, the Court does not find Defendant waived the anti-assignment provision by reimbursing Plaintiff directly for Patient's medical expenses.

Plaintiff, citing to New Jersey federal law, also argues that Defendant waived enforcement of the anti-assignment provision by "engaging in a course of conduct directly with Plaintiff over the processing of Plaintiff's bill" (Oppos. at 8). Indeed, [*11] District of New Jersey courts have held that a party may be estopped from enforcing an anti-assignment provision where that party has engaged in a "course of dealing that renders the anti-assignment provision inequitable." *DeMaria v. Horizon Healthcare Services, Inc., No. 11-7298, 2015 U.S. Dist. LEXIS 70176, 2015 WL 3460997, at *8 (D.N.J. Jun. 1, 2015)*. See also, *Gregory Surgical Services, LLC v. Horizon Blue Cross Blue Shield of New Jersey, No. 06-0462, 2007 U.S. Dist. LEXIS 94056, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007)*. Plaintiff correctly references this line of cases, however, Plaintiff's reading

of the term "course of conduct" is overly broad and the cases are not controlling in or applicable to the case at bar.

In making its argument, Plaintiff cites to *DeMaria*, which is a putative class action brought by three chiropractors alleging that Defendant health care provider systematically denied Plaintiffs payment for certain services rendered. *DeMaria 2015 U.S. Dist. LEXIS 70176, 2015 WL at *1*. Over the course of years of business between Plaintiffs and Defendant in *DeMaria*, Defendants sometimes included anti-assignment provisions in their contracts with Plaintiffs, frequently stating that patients could assign rights to payment but not rights to sue. 2015 U.S. Dist. LEXIS 70176, [WL] at 8. Ultimately, the court found that despite the sporadic inclusion of these anti-assignment provisions in contracts between the parties, Defendant had waived any right to enforce them by routinely allowing patients to assign their rights to payment to a provider but not [*12] let the provider sue for breach of the assigned contract for payment. *Id.* Thus, Defendant in *DeMaria* had engaged in a "course of dealing that renders the anti-assignment provision inequitable." *Id.* See also, *Gregory Surgical Services 2007 U.S. Dist. LEXIS 94056, 2007 WL at *4* (holding that anti-assignment provisions in health benefits plans were invalidated by a course of dealing which included regular interaction between plaintiff and defendant and ongoing discussion of patient coverage under health care policies.)

These cases are distinguishable from the case at bar as Plaintiff, here, fails to allege the sort of routine and ongoing "course of dealing" which might otherwise support an argument for waiver of an anti-assignment provision. Outside of Defendant's direct payment to Plaintiff, the only conduct which Plaintiff asserts demonstrates a course of conduct sufficient to constitute waiver was Defendant's written response to Plaintiff's appeal efforts. (Oppos. at 8, *referencing* Oppos. Exhibit B.) The Court finds that an assertion of waiver based on an isolated communication is distinct from the level of ongoing engagement at issue in *DeMaria* and *Gregory Surgical Services*. Accordingly, the Court holds that Plaintiff has failed to set forth sufficient facts [*13] to support a deviation from applicable federal law which honors valid anti-assignment provisions in health benefit plans. Because the Court accordingly finds that Plaintiff lacks standing to pursue the ERISA claims set forth in its complaint, it need not address Defendant's remaining arguments.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted. To the extent Plaintiff can cure the pleading deficiency by way of amendment, Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order accompanies this opinion.

/s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**

Dated: September 21, 2017

**ORDER**

This matter comes before the Court by way of a Motion to Dismiss pursuant to *Federal Rules of Civil Procedure 12(b)(1)* and *12(b)(6)* filed by Defendant Empire Blue Cross Blue Shield ("Defendant") (ECF No. 10) seeking to dismiss the action of Plaintiff Kayal Orthopaedic Center, P.C., on assignment of Toni B., ("Plaintiff") (ECF No. 1.) For the reasons set forth in the Court's corresponding Opinion,

**IT IS** on this 21 day of September, 2017 hereby,

**ORDERED** that Defendant Empire Blue Cross Blue Shield's Motion to Dismiss (ECF No. 10) is **GRANTED;** it is further

**ORDERED** that the Complaint (ECF No. 1) is [*14] **DISMISSED WITHOUT PREJUDICE;** it is further

**ORDERED** that Plaintiff is granted thirty (30) days to file an amended pleading; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE. IT IS SO ORDERED**.

/s/ Claire C. Cecchi

**CLAIRE C. CECCHI**

**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B



**ARASH EMAMI, MD, PC, d/b/a UNIVERSITY SPINE CENTER, Plaintiff, v. QUINTELES IMS, f/k/a IMS HEALTH, INC. EMPLOYEE HEALTH BENEFITS PLAN, Defendant.**

**CIVIL ACTION NO. 17-3069 (JLL)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

*2017 U.S. Dist. LEXIS 154774*

**September 21, 2017, Filed**

**NOTICE:** NOT FOR PUBLICATION

**COUNSEL:** [*1] For ARASH EMAMI, MD, PC, M.D., P.C., doing business as UNIVERSITY SPINE CENTER, Plaintiff: JEFFREY M HALKOVICH, LEAD ATTORNEY, HOWARD I. GORDON, DEGRADO HALKOVICH, LLC, HACKENSACK, NJ.

For QUINTELES IMS, formerly known as IMS HEALTH, INC., EMPLOYEE HEALTH BENEFITS PLAN, Defendants: AMANDA LYN GENOVESE, LEAD ATTORNEY, TROUTMAN SANDERS LLP, NEW YORK, NY.

**JUDGES:** JOSE L. LINARES, Chief United States District Judge.

**OPINION BY:** JOSE L. LINARES

**OPINION**

**LINARES, Chief District Judge**

The defendant in this action, IMS Health Incorporated Health Plan (hereinafter, "the Plan"), which is improperly named as Quinteles IMS, is an employment-based health plan (hereinafter, "the Plan"). (ECF No. 1 at 2; ECF No. 1-1 at 5; ECF No. 10-1 at 7.) The plaintiff is a medical provider (hereinafter, "the Medical Provider"). (ECF No. 1-1 at 5.)

Pending before the Court is the Plan's motion pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") *12(b)(1)* and *Rule 12(b)(6)* to dismiss the complaint. (ECF No. 10 through ECF No. 10-4; ECF No. 16.) The Medical Provider opposes the motion. (ECF No. 13; ECF No. 13-1.)

The Court resolves the Plan's motion to dismiss upon a review of the papers and without oral argument. *See L. Civ. R. 78.1(b)*. For the following reasons, the [*2] Court grants the motion, and dismisses the complaint with prejudice.

**BACKGROUND**

The Court presumes that the parties are familiar with the factual context and the procedural history of the action, and will only set forth a brief summary here. The Medical Provider: (a) is not a part of the Plan's network of approved medical providers; and (b) performed surgery on a patient (hereinafter, "the Patient") who was covered by the Plan. (ECF No. 1-1 at 5; ECF No. 10-1 at 7-8; ECF No. 13 at 7-8.) After the surgery was performed, the Patient assigned the rights to reimbursement from the Plan to the Medical Provider. (ECF No. 1-1 at 5; ECF No. 13 at 7-8; ECF No. 13-1 at 4-5.) The Medical Provider alleges that the Plan failed to provide a complete reimbursement for the aforementioned surgical services, and thus the Medical Provider seeks to recover $167,489.45 in additional

payments from the Plan as an assignee of the Patient. (ECF No. 1-1 at 6.)

The Medical Provider originally brought this action to recover reimbursement for the surgical services under the terms of the Plan in New Jersey state court pursuant to the *Employee Retirement Income Security Act* (hereinafter, "ERISA"). (ECF No. 1-1 at 6.) [*3] [1] The Plan then removed the action from state court pursuant to the Court's federal jurisdiction based upon ERISA. (ECF No. 1 at 2-4 (citing *29 U.S.C. § 1132(a)(1)(B)*; *28 U.S.C. § 1331*).)

> 1 The Medical Provider relied solely upon ERISA in the complaint, and did not assert any causes of action under state law therein. (ECF No. 1-1.) Thus, the Court need not engage in an ERISA preemption analysis here.

The Plan now argues that the Medical Provider's complaint should be dismissed, because the Medical Provider is without authority to pursue the claim for reimbursement due to the existence of an anti-assignment clause in the Plan (hereinafter, "the Anti-Assignment Clause"). (ECF No. 10-1.) The Plan argues that the Anti-Assignment Clause prohibits the assignment of benefits by a Plan participant or beneficiary to a medical provider. (Id.) It specifically provides the following:

> You authorize the Claims Administrator, on behalf of the Employer, to make payments directly to Providers for Covered Services. The Claims Administrator also reserves the right to make payments directly to you. Payments may also be made to, and notice regarding the receipt and/or adjudication of claims, an Alternate Recipient, or that person's custodial parent or designated representative. Any payments made by the Claims Administrator will discharge the Employer's obligation to pay for Covered Services. ***You cannot assign your right to receive payment to anyone else***, except as required by a "Qualified Medical Child [*4] Support order" as defined by ERISA or any applicable Federal law. Once a Provider performs a Covered Service, the Claims Administrator will not honor a request to withhold payment of the claims submitted.
>
> The coverage and any benefits under the Plan are not assignable by any Member without the written consent of the Plan, except as provided above.

(ECF No. 10-2 at 54-55 (emphasis added).)

The Plan also contains a waiver clause (hereinafter, "the Waiver Clause"). It specifically provides the following:

> No agent or other person, except an authorized officer of the Employer, has authority to waive any conditions or restrictions of the Plan, to extend the time for making a payment to the Plan, or to bind the Plan by making any promise or representation or by giving or receiving any information.

(Id. at 70.)

In opposition, the Medical Provider argues that the Anti-Assignment Clause is void and unenforceable, and asserts that the Clause violates the intent of ERISA and of New Jersey state law. (ECF No. 13.) In the alternative, the Medical Provider argues that even if the Court were to hold that the Anti-Assignment Clause is valid and enforceable, the Plan waived the Anti-Assignment Clause by directly corresponding and engaging in its administrative process with the Medical Provider [*5] on the issue of reimbursement before this action was brought. (Id.)

**LEGAL STANDARDS**

The Court is guided by the following standards in resolving the Plan's motion to dismiss.

**I. *Rule 12(b)(1)***

It is not necessary for this Court to restate the standard for resolving a motion to dismiss a complaint that is made pursuant to *Rule 12(b)(1)*, because that standard has been already enunciated. *See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016)* (setting forth the standard, and explaining *Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977)*, *Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006)*, and

*Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014))*.

## II. *Rule 12(b)(6)*

It is also not necessary for this Court to restate the standard for resolving a motion to dismiss a complaint that is made pursuant to *Rule 12(b)(6)*, because that standard has been already enunciated. *See Palakovic v. Wetzel, 854 F.3d 209, 219-20 (3d Cir. 2017)* (setting forth the standard, and explaining *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*, and *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))*; *see also Fowler v. UPMC Shadyside, 578 F.3d 203, 209-12 (3d Cir. 2009)* (setting forth the standard, and explaining *Iqbal* and *Twombly*).

## DISCUSSION

"A civil action . . . to recover benefits due . . . under the terms of [an employment-based health] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan" are supposed to be initiated "by a participant or beneficiary." *29 U.S.C. § 1132(a)*. Thus, under ERISA, "standing . . . is limited to participants and beneficiaries." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004)*. However, a medical provider [*6] who renders medical services may bring a claim for reimbursement against an employment-based health plan by obtaining an assignment of rights from the plan participant or beneficiary. *See N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 372 (3d Cir. 2015)*.

But even though a medical provider may obtain such an assignment, an employment-based health plan is authorized to bar that assignment of such rights to a medical provider by including an anti-assignment clause in its terms. *See Am. Orthopedic & Sports Med. v. Independence Blue Cross, LLC, No. 16-8988, 2017 U.S. Dist. LEXIS 26674, 2017 WL 1243147, at *3-4 (D.N.J. Feb. 24, 2017)*. It is now well-settled law in the District of New Jersey that the type of Anti-Assignment Clause used by the Plan in this case is valid and enforceable. *See IGEA Brain & Spine, P.A. v. Blue Cross & Blue Shield of Minn., No. 16-5844, 2017 U.S. Dist. LEXIS 72663, 2017 WL 1968387, at *1-2 (D.N.J. May 12, 2017)* (granting the motion by an administrator of a health benefit plan to dismiss a medical provider's reimbursement claim based on the existence of an anti-assignment clause within the plan); *Am. Orthopedic & Sports Med., 2017 U.S. Dist. LEXIS 26674, 2017 WL 1243147, at *1-3* (same); *Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Mass., No. 14-7280, 2015 U.S. Dist. LEXIS 93855, 2015 WL 4430488, at *3-6 (D.N.J. July 20, 2015)* (same); *Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield, No. 14-6950, 2015 U.S. Dist. LEXIS 91815, 2015 WL 4387981, at *7-8 (D.N.J. July 15, 2015)* (same); *Prof'l Orthopedic Assocs., PA v. CareFirst BlueCross BlueShield, No. 14-4486, 2015 U.S. Dist. LEXIS 84996, 2015 WL 4025399, at *1-4 (D.N.J. June 30, 2015)* (same); *Menkowitz v. Blue Cross Blue Shield of Ill., No. 14-2946, 2014 U.S. Dist. LEXIS 151232, 2014 WL 5392063, at *1-3 (D.N.J. Oct. 23, 2014)* (same); *Torpey v. Blue Cross Blue Shield of Tex., No. 12-7618, 2014 U.S. Dist. LEXIS 11412, 2014 WL 346593, at *1-5 (D.N.J. Jan. 30, 2014)* (same). Here, the Anti-Assignment Clause is clear and unambiguous, and thus it is valid and enforceable.

Furthermore, it is now well-settled law in the District of New Jersey that the Plan did not waive the Anti-Assignment Clause by dealing directly with the Medical Provider in the claim review process, or by directly remitting payment to the Medical Provider. *See IGEA Brain & Spine, P.A., 2017 U.S. Dist. LEXIS 72663, 2017 WL 1968387, at *3 & n.4* (holding that "[s]imply engaging in a claim review process with [a medical provider] does not demonstrate [*7] a clear and decisive act to waive the Plan's anti-assignment provision," and that "even remitting payment directly to a provider does not render anti-assignment provisions unenforceable") (internal quotation marks and citations omitted); *Advanced Orthopedics & Sports Med., 2015 U.S. Dist. LEXIS 93855, 2015 WL 4430488, at *6-8 (D.N.J. July 20, 2015)* (holding the same). Thus, the Medical Provider simply does not possess the authority to bring this action against the Plan.

Therefore, the Plan's motion to dismiss the complaint based upon the existence of the Anti-Assignment Clause and the supplemental Waiver Clause is granted, and the complaint is dismissed with prejudice. In view of this disposition, the Court need not address the alternative arguments raised by the Plan is support of its motion.

## CONCLUSION

For the aforementioned reasons, the Court grants the motion to dismiss. The Court will enter an appropriate

order and judgment.

/s/ Jose L. Linares

**JOSE L. LINARES**

Chief Judge, United States District Court

Dated: September 21st, 2017

**ORDER & JUDGMENT**

For the reasons set forth in the Court's accompanying Opinion, **IT IS** on this 21st day of September, 2017,

**ORDERED** that the defendant's motion to dismiss the complaint (ECF No. 10) is **GRANTED**; and it further

**ADJUDGED** that the complaint is dismissed with prejudice; and it is further

**ORDERED** that the [*8] action is **CLOSED**.

/s/ Jose L. Linares

**JOSE L. LINARES**

Chief Judge, United States District Court